<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| P.S., et al., | : | |
| Plaintiffs, | : | Hon. Stanley R. Chesler, U.S.D.J. |
|  | : | Civ. A. No. 05-4769 (SRC) |
| v. | : | |
| PRINCETON REGIONAL SCHOOLS BOARD OF EDUCATION, | : | **OPINION** |
| Defendant. | : | |

**I.      Introduction**

Plaintiffs in this action are E.S., a student eligible for services under the Individuals with Disabilities Education Act ("IDEA"), and her parents, P.S. and M.S. Defendant is the Princeton Regional Board of Education (the "Board"). Plaintiffs previously filed a petition for due process with the New Jersey Department of Education alleging the Board failed to provide E.S. with a free appropriate public education ("FAPE"). An Administrative Law Judge ("ALJ") heard the case between April and December of 2004 and issued a decision on or about December 3, 2004.

At the time of the ALJ's decision, the statute of limitations for an appeal of an ALJ's decision pursuant to 20 U.S.C. § 1415(i)(2)(B) was two years from the issuance of the ruling from which the appeal is taken. <u>Ridgewood Board of Educ. v. N.E. ex rel. M.E.</u>, 172 F.3d 238, 251 (3d Cir. 1999). In December of 2004, Congress amended the IDEA with P.L. 108-446,

which became effective July 1, 2005. The amendment implemented the following limitations period:

> (B) Limitation. The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this part, in such time as the State law allows.

20 U.S.C. § 1415(i)(2)(B). As of July 1, 2005, therefore, the limitations period for actions brought to challenge an ALJ's IDEA decision was shortened from two years to 90 days from the date of the decision.

On October 3, 2005, plaintiffs filed the Complaint in this matter seeking reversal of the ALJ's decision. The Board now moves to dismiss plaintiff's Complaint as untimely under the amended limitations period embodied in Section 1415(i)(2)(B).

**II.    Defendant's Motion**

The Board argues that Section 1415(i)(2)(B) required plaintiffs to bring their action by September 29, 2005, within 90 days from the July 1, 2005 effective date of the amendments. (Board's Brief at 3-4.) The Board argues this interpretation is consistent with Congress' intent of quickly resolving IDEA disputes and that there is no basis for tolling its proposed limitations period. (Id. at 4-5.) The Board further argues that, since the IDEA claims are untimely, plaintiffs' Rehabilitation Act and ADA claims, which derive from the IDEA claims, must also be dismissed. (Id. at 6-7.)

Plaintiffs argue that defendant's motion should be denied because (1) its proposed limitations period is inconsistent with the plain language of the IDEA amendments (Opposition Brief at 5); (2) there is nothing to overcome the presumption against retroactivity of a statutory

amendment (id. at 6-7); and (3) nothing in the statutory history suggests Congress' intent to retroactively apply the new limitations period (id. at 7-8).

In its reply, defendant argues that its proposed modified retroactive application[1] is appropriate because the amendment to the IDEA was enacted in December of 2004.  (Reply at 2.) They argue that plaintiffs knowledge of the July 1, 2005 effective date of the amendments, and their failure to file their claim until October 3, 2005, make defendant's proposed application fair and consistent with Congressional intent.  (Id. at 5-6.)

Plaintiffs submitted a letter dated December 13, 2005 in response to defendant's reply. Plaintiffs argue, inter alia, that, even under a retroactivity analysis, applying defendant's proposed construction would negate their preexisting right to bring a claim challenging the ALJ's decision within two years of its issuance.  (December 13, 2005 letter of Richard E. Shapiro at 2-4.)[2]  Thus, plaintiffs argue the amendment is not retroactive.

**III.   Discussion**

The defendant's proposed interpretation is contrary to the terms of the statute.  Section 1415(i)(2)(B) clearly states that the limitations period begins to run on "the date of the decision of the hearing officer."  Substituting the effective date of the statute as the accrual date, as defendant would have this Court do, reads in a provision of the statute that is not there.  Had

---

[1] Although defendant applies the retroactivity analysis applied in Dinnal v. Gonzalez, 421 F.3d 247 (3d Cir. 2005), it states that "[t]his is not really a true retroactive application of the statute, in the sense that no standard is being challenged as to past conduct."  (Reply at 5.)

[2] After the motion was fully briefed, the parties brought the case of R.G. v. Glen Ridge Board of Educ., No. 05-CV-3017, 2005 WL 3274857 (D.N.J. Dec. 2, 2005) to the Court's attention. Unlike this case, plaintiffs in R.G. filed their complaint within two years of the date of the ALJ's decision but before the July 1, 2005 enactment date of the IDEA amendment.  R.G., 2005 WL 3274857, at *4.  Therefore, except for Judge Martini's holding that the IDEA amendment at issue in this case is not retroactive, id., the Court finds the R.G. case inapposite.

Congress intended to use the effective date of the amendment as the accrual date for appeals from all decisions rendered before that time, it would have stated so.  Since Congress did not write in such a provision, this Court cannot create it out of thin air.  In short, the language of Section 1415(i)(2)(B) does not support defendant's interpretation.

Even if such an interpretation was arguably supported by the language of Section 1415(i)(2)(B), the statute could not be applied retroactively.  While defendant argues its proposed application "is not really a true retroactive application of the statute," a retroactivity analysis is inescapable here because the date of the ALJ's decision was before July 1, 2005.

The Court could not retroactively apply the amendment for three main reasons.  First, in Lawrence Township Board of Educ. v. New Jersey, 417 F.3d 368, 370 (3d Cir. 2005), the Court of Appeals for the Third Circuit expressly stated that the amendments at issue in this opinion have prospective application only.  See also R.G. v. Glen Ridge Board of Educ., No. 05-CV-3017, 2005 WL 3274857, at *4 (D.N.J. Dec. 2, 2005).  Second, there is a presumption against retroactive application of a new law, unless clear Congressional intent weighs in favor of retroactivity.  Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994).  Defendant concedes that there is no indicia of Congressional intent supporting a retroactive application of Section 1415(i)(2)(B).  (Reply at 4-5.)  Third, applying Section 1415(i)(2)(B) retroactively, or in the modified retroactive fashion that defendant proposes, would "significantly impair existing rights and thereby disappoint legitimate expectations."  General Motors Corp. v. Romein, 503 U.S. 181, 191 (1992).  Namely, the two-year limitations period set forth in Ridgewood Board of Educ., 172 F.3d at 251, would be cut short, and the plaintiffs' expected time in which to bring their claim unfairly curtailed.  For these further reasons, the defendant's motion is denied.

**IV.     Conclusion**

      For all of the foregoing reasons, Defendant's motion to dismiss the Plaintiffs' Complaint as untimely under 20 U.S.C. s 1415(i)(2)(B) is denied.

January 6, 2006

                                                /s/Stanley R. Chesler
                                                United States District Judge